UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Travis Scott McCall, | ) | C/A No. 6:25-cv-13422-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Scotty Bodiford, James E. Hudson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants violated his rights under the United States Constitution. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("GCDC"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. By Order dated November 19, 2025, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 9. The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 12. Further, Plaintiff was specifically warned as follows:

1

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 13 (emphasis omitted). Plaintiff was also warned that an amended complaint would replace all prior complaints and should be complete in itself and that any amended complaint would be subject to further review by the Court pursuant to 28 U.S.C. §§ 1915 and 1915A. *Id*. at 12. The Court's Order along with a blank standard complaint form were mailed to Plaintiff on November 19, 2025. ECF No. 10. On December 15, 2025, Plaintiff filed an Amended Complaint. ECF No. 11. This matter is therefore before the Court for a review of Plaintiff's Amended Complaint in accordance with 28 U.S.C. §§ 1915 and 1915A.

**Factual Allegations[1]**

Plaintiff makes the following allegations in the Amended Complaint. ECF No. 11. Plaintiff contends that he was subjected to an unlawful search and seizure in violation of the Fourth Amendment, that a "panoply of rights [were] violated by fabricated evidence," and that he was subjected to excessive bail in violation of the Eighth Amendment, equal protection violations under the Fifth Amendment, and deprivation of due process under the Fourteenth Amendment. *Id*. at 4. Plaintiff asserts that James E. Hudson ("Hudson") failed to show cause, failed to intervene,

---

[1] An amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As such, the Court considers only the allegations in the Amended Complaint. The Court observes, however, that the allegations contained in the Amended Complaint largely repeat the allegations made in the original Complaint.

failed to report, trespassed in excess of jurisdiction, violated the neutral and detached clause, committed perjury under oath, engaged in conspiracy, and fabricated evidence by no ordering tests. *Id*. Plaintiff alleges that "in the chamber used for bail hearings," the magistrate signed warrants after a warrantless arrest "in the hybrid-adjunct division 'law enforcement center' McGee St." *Id*. at 5. Plaintiff contends on September 18, 2025, he was detained with "no reasonable articulate, excessive bail, suspicion, no complaint, no probable cause, no hearing on warrantless arrest, no prelim within 20 days, no trial within 70 days." *Id*. According to Plaintiff, he was taken to jail "for being grossly intoxicated" and charged with public disorderly conduct. *Id*. The judge signed five warrants despite no probable cause or material evidence. *Id*. Plaintiff alleges that he asserted his rights and "told officers they did not have jurisdiction over [him.]" Plaintiff contends officers used fabricated evidence to seize him illegally and, when Plaintiff challenged the affidavits used to obtain the arrest warrants, Hudson "refused to show cause upon my request." *Id*. at 6. Plaintiff contends no tests were administered and officers used force. *Id*.

For his injuries, Plaintiff contends he sustained an injury during his arrest, that his "eyes are crossed from trying to get some one to see illegal seizure," that he is suffering "mental anguish from being victimized by militant police force weaponized by corrupt branches of government my entire life." *Id*. For his relief, Plaintiff purports to seek a preliminary injunction in the form of a show cause order to justify why he is being detained on a warrantless arrest, with no probable cause hearing, no preliminary hearing, and no speedy trial. *Id*.

Plaintiff has attached a document to his Amended Complaint containing additional, similar hand-written allegations. ECF No. 11-1. Plaintiff alleges that on September 18, 2025, after being arrested for public disorderly conduct/gross intoxication, he was served with five warrants signed by Hudson for simple assault, possession of marijuana, possession of Schedule II narcotics,

3

resisting arrest, and public disorderly conduct. *Id*. at 1. Plaintiff attended a bond hearing before Hudson, who stated "No one is getting a PR bond today." *Id*. Plaintiff attempted to "report the brutality and false arrest to Hudson, and asked him to show cause, he replied we only do that in civil matters." *Id*. Plaintiff's attempt to have Hudson view footage of the arrest was disregarded. *Id*. According to Plaintiff, the "footage clearly shows a responsive articulate individual asserting his rights and stating that the officers did not have jurisdiction over me, visibly not grossly intoxicated, and sitting peacefully in his car upon officer contact." *Id*. Plaintiff contends that, while the warrants stated that Plaintiff was slurring his words and was confused and having trouble articulating, the video footage "shows the exact opposite." *Id*. Plaintiff alleges that he was "asserting my rights and my personal jurisdiction throughout, and the lack of any evidence of gross intoxication is a lack of subject matter jurisdiction." *Id*. Plaintiff makes other similar allegations. *Id*. at 1–2.

**Plaintiff's State Court Charges**

The Court takes judicial notice[2] that Plaintiff has been charged with the following crimes that are pending in the Greenville County Court of General Sessions: (1) public disorderly conduct at case number 2025A2330209370; (2) possession of marijuana at case number 2025A2330209371; (3) assault and battery, third degree at case number 2025A2330209372; (4) possession of other controlled substance at case number 2025A2330209375; and (5) resisting arrest at case number 2025A2330209376. *See* Greenville County Thirteenth Judicial Circuit

---

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Dec. 15, 2025).

## STANDARD OF REVIEW

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721,

723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion").  Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief.  *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Upon consideration of Plaintiff's submitted pleadings, the claims presented are subject to dismissal for the following reasons.[3]  Further, because Plaintiff has already been afforded an

---

[3] This case is similar to numerous other cases recently filed by detainees at the Greenville County Detention Center making nearly identical allegations against many of the same Defendants.  It appears that the Complaints in these cases were drafted by Joshua Lynn Robinson, a pretrial detainee at the Greenville County Detention Center.  *See Martinez v. Wilson*, No. 8:25-cv-13766; *Brea v. Wilson*, No. 6:25-cv-13765; *Flores-Marcos v. Wilson*, No. 6:25-cv-13763; *Teague v. Wilson*, No. 6:25-cv-13759; *Bates v. Wilson*, No. 6:25-cv-13758; *McBride v. Wilson*, No. 6:25-cv-13661, *Batts v. Wilson*, No. 6:25-cv-13660, *Owens v. Wilson*, No. 6:25-cv-13480, *Petit-Frere v. Wilson*, No. 6:25-cv-13161, *Dirton v. Wilson*, No. 6:25-cv-13059, *Meredith v. Wilson*, No. 6:25-cv-13058, *Lee v. Wilson*, No. 6:25-cv-13013, *Cobbs v. Wilson*, No. 6:25-cv-12974; *Mayer v. Wilson*, No. 6:25-cv-12973; *Cruell v. Wilson*, No. 6:25-cv-12939; *McGee v. Wilson*, No. 6:25-cv-

opportunity to amend his pleadings, the undersigned recommends that this action be dismissed without further leave to amend.

**Defendants Entitled to Dismissal**

The two Defendants named in this action are entitled to summary dismissal for the reasons below. To state a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a *person* acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *Hudson*

Hudson, who is identified as a magistrate judge of Greenville County, is immune from suit. ECF No. 11 at 2. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment

---

12938; *Colvin v. Wilson*, No. 6:25-cv-12874; *Fowler v. State*, No. 6:25-cv-12837; *Argueta v. South Carolina*, No. 6:25-cv-12792; *Wilson-Hyman v. McElrath*, No. 6:25-cv-12650; *Murray v. Bodiford*, No. 8:25-cv-12575; *Gambrell v. Hudson*, No. 6:25-cv-12545; *Cook v. Wilson*, No. 6:25-cv-12353; *Jeffries v. General Assembly*, No. 6:25-cv-12313; *Smith v. Wilson*, No. 6:25-cv-12308; *Paul v. Simmons*, No. 6:25-cv-11744; *Robinson v. Pettit*, No. 6:25-cv-11414; *Jackson v. Wilson*, No. 6:25-cv-11489; *Wheeler v. Simmons*, No. 6:25-cv-10734; *Lafoy v. O'Brien*, No. 6:25-cv-10732; *Meredith v. Lipinski*, No. 6:25-cv-9189; *Jackson v. O'Brien*, No. 6:25-cv-7813, *Lindsey v. Simmons*, No. 6:25-cv-7592; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590; *Robinson v. Keel*, No. 6:25-cv-6747; *Childers v. Bratcher*, No. 6:25-cv-6742; *Morgan v. Kernell*, No. 6:25-cv-6735; *Yisreale-Laquer v. Kernell*, No. 6:25-cv-6094; *Wilson v. McElrath*, No. 6:25-cv-6092; *Lee v. Kernell*, No. 6:25-cv-6016; *White v. Foster*, No. 6:25-cv-4633; *Nicholson v. Simmons*, No. 6:25-cv-4632. Most of these cases have been summarily dismissed for the same reasons identified in this Report and Recommendation.

of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's allegations against Hudson relate to his judicial actions, he is entitled to absolute immunity.[4] Accordingly, Hudson is subject to dismissal. *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

---

[4] The cursory allegations in the present Complaint are similar to allegations that have been made in many of the other actions cited above in footnote 3, in which the plaintiffs have alleged the magistrate judges, who issued the warrants, were not neutral and detached, arguing the judges share an address with law enforcement. In the present case, Plaintiff describes the magistrate judge as a participant in a "hybrid adjunct law enforcement division," as the plaintiffs have in the other noted cases. ECF No. 11 at 5. Even accepting those allegations as true, such assertions do not entitle Plaintiff to relief under § 1983. Instead, Plaintiff's recourse is to pursue a suppression of the evidence or warrants issued by the magistrate judges in the state court criminal proceedings. *See, e.g., United States v. Leon*, 468 U.S. 897, 923 (1984) ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."). The magistrate judges are entitled to absolute immunity, and Plaintiff's allegations fail to show that this immunity fails. *See, e.g., Cole v. Summey*, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) (explaining "the relevant question is whether the judge 'acted in the clear absence of all jurisdiction'"). Plaintiff has not alleged facts showing that any magistrate judge acted in the clear absence of all jurisdiction. Plaintiff can challenge the warrants in the state court proceedings. Further, Plaintiff's assertion is without merit that the magistrate judges are acting as "adjunct hybrid law enforcement division." In South Carolina, summary court judges, including county magistrates, have the authority to issue warrants. *See* S.C. Code §§ 22-5-110, 22-5-210. There is no allegation of actions by the magistrate judges other than issuance of warrants and no allegations of the magistrate judges acting as adjunct law enforcement officers, other than the fact that their offices are in the same building as law enforcement.

### *Bodiford*

Plaintiff appears to have named Bodiford because of his supervisory role over the Greenville County Detention Center. To the extent Plaintiff bases his claims against Bodiford on the theory of supervisory liability, his claims are without merit. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in her individual capacity only for his or her personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted). Plaintiff has failed to state a § 1983 claim against Bodiford based on a theory of supervisory liability because Plaintiff has failed to allege that he had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff. For these reasons, Bodiford is entitled to dismissal from this action. *See Oneal v. Fenner*, C/A No. 6:24-cv-6284-DCC-WSB, 2024 WL 5514974, at *3–4 (D.S.C. Dec. 5, 2024), *R&R adopted by* 2025 WL 1080932 (D.S.C. Apr. 10, 2025).

To the extent Plaintiff intends to assert claims against Bodiford in his individual capacity, he is entitled to dismissal because Plaintiff makes no substantive allegations against him in the

body of the Complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). In the absence of substantive allegations of wrongdoing against Bodiford, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against them. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim).

***Younger* Abstention**

The allegations in the Amended Complaint are essentially a challenge to Plaintiff's underlying charges and present incarceration at the Greenville County Detention Center. Such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal

11

quotation marks omitted).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied.  The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings.  *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal

claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

**Failure to State a Claim**

Plaintiff's pleadings fail to allege facts to state a claim for relief. Plaintiff's allegations are insufficient to establish any claim for the reasons below.

### *Unlawful Arrest and False Imprisonment*

This action appears to be premised on Plaintiff's assertions that he was wrongfully arrested and falsely imprisoned. Plaintiff's allegations are construed as asserting violations of the Fourth Amendment for an unlawful search and seizure resulting in his arrest. "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[5] *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

---

[5] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

Liberally construed, the Amended Complaint contends that the warrants were not supported by probable cause. However, the reason Plaintiff advances to support that contention is because the magistrate judges are participating in a "hybrid law enforcement division." No facts

---

the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

are presented to support this contention other than the issuing judge, the affiant, law enforcement center, and/or jail are all in the same building, sharing the same address. That argument lacks merit as this Court has recently explained in numerous other cases making nearly identical allegations. *See, e.g., Clowney v. Fletcher*, C/A No. 6:24-cv-7243-MGL, 2025 WL 375136, at *2 (D.S.C. Feb. 3, 2025) (rejecting a nearly identical argument raised by another pretrial detainee at the Greenville County Detention Center); *Lee v. Joe Kernell*, C/A No. 6:25-cv-06016-TMC, 2025 WL 2731069, at *2 (D.S.C. Sept. 25, 2025) (rejecting similar claims); *Nicholson v. Simmons*, C/A No. 6:25-cv-04632-TMC, 2025 WL 2753521, at *2 (D.S.C. Sept. 26, 2025) (same); *Mosely v. O'Brien*, C/A No. 6:25-cv-07928-JDA-KFM, 2025 WL 2620910, at *1 (D.S.C. Aug. 13, 2025) (rejecting similar complaint seeking "a declaration that the South Carolina Magistrates violate the neutral and detached magistrate clause, requests an investigation into the South Carolina Magistrates, to have the Magistrates moved out of the law enforcement center, and money damages"), *R&R adopted by* 2025 WL 2617967 (D.S.C. Sept. 10, 2025); *Wheeler v. Simmons*, C/A No. 6:25-cv-10734-TMC-WSB, 2025 WL 2690102, at *4 (D.S.C. Aug. 19, 2025) (rejecting identical "neutral and detached" claim by pretrial detainee), *R&R adopted by* 2025 WL 2689907 (D.S.C. Sept. 19, 2025); *Lafoy v. O'Brien*, C/A No. 6:25-cv-10732-JDA-WSB, 2025 WL 2712744, at *4 (D.S.C. Aug. 18, 2025) (same), *R&R adopted* 2025 WL 2712647 (D.S.C. Sept. 23, 2025); *Jackson v. Wilson*, C/A No. 6:25-cv-11489-JDA-WSB, 2025 WL 2778521, at *5 (D.S.C. Aug. 27, 2025) (same), *R&R adopted by* 2025 WL 2778356 (D.S.C. Sept. 26, 2025). Plaintiff has failed to allege facts showing the magistrate judge was actively involved in law enforcement activities, acted as a "rubber stamp," or abandoned the role as a neutral and detached decision maker. Plaintiff has not alleged any deficiencies with the probable cause supporting any warrants and only challenges whether the issuing judge was neutral and detached based upon the address of his or

her office. *See Decina v. Horry Cnty. Police Dep't*, 557 F. Supp. 3d 716, 730 (D.S.C. 2021) (discussing requirements for a facially valid arrest warrant supported by probable cause), *aff'd*, No. 21-2171, 2023 WL 2136376 (4th Cir. Feb. 21, 2023).

### *Excessive Force and/or Deliberate Indifference*

Plaintiff makes vague references to excessive force and various untreated injuries. ECF No. 11 at 6. However, Plaintiff has not alleged facts to establish a claim for either excessive force or deliberate indifference. Further, Plaintiff has not identified any individual responsible for his injuries and/or his medical care and treatment. *Bennett v. Nix*, C/A No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' . . . no such [allegations] exist here." (citation omitted)), *R&R adopted by* 2020 WL 607206 (D.S.C. Feb. 7, 2020). Because Plaintiff has not identified, in either his original Complaint or his Amended Complaint, any individual responsible for the alleged denial of medical care—or who is responsible for his injuries—any deliberate indifference claim fails, as would any claim for excessive force.

Plaintiff's allegations fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the

plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).  "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

As such, Plaintiff's cursory allegations, as presented in both of his pleadings, are insufficient to establish a claim of constitutional magnitude for excessive force or deliberate indifference to a serious medical need.  And, despite being given an opportunity to amend his original Complaint, Plaintiff's Amended Complaint fails to identify any individual responsible for his injuries or his alleged deficient medical care.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action without further leave to amend and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

December 15, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).